The Honorable Sherman Kinyon Mayor, City of Centerton P.O. Box 208 Centerton, Arkansas 72719
Dear Mayor Kinyon:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether certain personnel records should be disclosed under the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996 Supp. 1997).[1]
You have indicated that a FOIA request has been submitted to the City of Centerton to view certain records regarding a sewer line upgrade project undertaken by the city. Specifically, you have stated that a request has been submitted to view the time cards of all city employees working on the sewer line project. You have enclosed a blank time card identical to those that have been requested, and you have indicated that the city attorney has advised you that, in the event the time cards are released, all tax information, including any indication of the "net pay" received by the employee, must be excised.
In short, it is my opinion that employee time cards are generally subject to disclosure under the FOIA; however, information concerning insurance coverage, tax withholding, and payroll deductions should be excised prior to release of the time cards.
Initially, it is my opinion that the time cards of city employees constitute personnel records. The FOIA does not define the phrase "personnel records," nor has the term been defined judicially. Nevertheless, I have previously opined, as has my predecessor, that comparable information such as payroll and salary records, payroll deductions, and employee benefit information constitute personnel records. See Ops. Att'y Gen. 96-205, 95-070, 94-235, 94-198 and 87-442. In addition, although time cards may reflect the type of work performed or contain a brief discussion of the duties of employees, it is my opinion that such references will generally not amount to a "job performance record."[2] See generally Op. Att'y Gen. 95-151 and 91-351. It should also be noted that records need not be found in an individuals personnel file in order to be considered "personnel records." See Op. Att'y Gen. 96-275; John Watkins, Arkansas Freedom of Information Act
125-126 (2d ed. 1994).
Under the FOIA, personnel records are exempt from disclosure only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). In determining what information, if released, would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), that:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
In Young, the court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on intimate details of the candidate's lives, and the release of the information could subject them to embarrassment and perhaps threaten future employment. The court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidate's names deleted.
Other federal case law, like that relied upon in Young, delineates other types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy." The following specific information has been exempted from public disclosure through judicial interpretation: personal histories; religious affiliations of employees,Church of Scientology v. Department of Defense, 611 F.2d 738 (9th Cir. 1979); citizenship, United States Department of State v. Washington PostCo., 456 U.S. 595 (1982); marital status, Simpson v. Vance, 648 F.2d 10
(D.C. Cir. 1980); social security numbers, Swisher v. Department of theAir Force, 660 F.2d 369 (5th Cir. 1981); information about family life,Providence Journal Co. v. F.B.I., 460 F.Supp. 778, reversed on distinctgrounds, 602 F.2d 1010 (1st Cir. 1979); information regarding welfare payments, legitimacy of children, family rights, and alcohol consumption,Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73 (D.C. Cir. 1974).
In contrast, courts have found relatively little privacy interest in records revealing names, date and place of birth, salaries of public employees, training or education background, and work experience. Kruzonv. Department of Health Human Services, 649 F.2d 65 (1st Cir. 1981) and Simpson v. Vance, supra.
Finally, it should be noted that this office has consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 94-198, 94-178 and 93-055. See also John Watkins, The Arkansas Freedom ofInformation Act 126 (2d ed. 1994).
Consistent with the precepts set forth above, it is my opinion that employee time cards are generally subject to disclosure under the FOIA. This office has previously opined that salary information is clearly subject to disclosure, as such information does not constitute a "clearly unwarranted invasion of personal privacy." See Ops. Att'y Gen. 96-205, 95-242, 95-070, and 94-198. This office, however, has also opined that documents related to insurance coverage, tax withholding, and payroll deductions (as well as similar records that would divulge intimate financial details) should be excised from otherwise releasable documents. See Ops. Att'y Gen. 95-242, 94-235, 91-093, and 87-422. Accordingly, such information, including "total deductions" and "net pay," should be excised prior to release of the time cards.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] My authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or evaluation records. Section 25-19-105(c)(3)(B) permits the custodian to seek an opinion from the Attorney General concerning whether his or her decision is consistent with the FOIA. It does not appear in this instance that the custodian has made an initial decision as to the disclosability of the records; but rather I have been asked to make the initial determination. I will, nevertheless, set forth the applicable legal analysis that should be considered by the custodian.
[2] It must, however, be noted that as a general matter the custodian of the records must make a factual determination as to whether records constitute employee evaluation or job performance records. Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following three conditions have been met: (1) there has been a final administrative resolution of any suspension or termination proceeding; (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) there is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).